PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RASHAUN M. RAMSEY, | CASE NO. 1:17-CV-545 |
| Petitioner, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| CHRISTOPHER LAROSE, Warden. | **ORDER** |
| | [Resolving ECF Nos. 8, 10] |
| Respondent. | |

Pending before the Court is Petitioner Rashaun M. Ramsey's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging four grounds for relief. The case was referred to Magistrate Judge David A. Ruiz for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). The magistrate judge subsequently issued a report (ECF No. 8) recommending that the Court deny the petition because Petitioner's claims are either meritless, procedurally defaulted, or non-cognizable under § 2254. Petitioner filed Objections to the magistrate judge's Report and Recommendation (ECF No. 10).

For the following reasons, Petitioner's objections are overruled, the Report and Recommendation is adopted, and the petition is dismissed.

## I. Background

Petitioner is incarcerated in the Northeast Ohio Correctional Center[1], having been found guilty in 2014 of rape, kidnapping, possession of heroin, possession of cocaine, and failure to

---

[1] According to the Ohio Department of Rehabilitation & Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A660750 (last visited March 24, 2020)), Petitioner is currently confined at the Northeast Ohio Correctional Center.

(1:17-CV-545)

register.  ECF No. 5-1 at PageID #: 180.  On August 22, 2014, Petitioner was sentenced to twenty-five years to life in prison.  Id. at PageID #: 180-83.  On November 13, 2014, Petitioner filed a notice of appeal in the Ohio Court of Appeals.  Id. at PageID #: 144.  On November 20, 2015, Ohio's Fifth District Court of Appeals denied Petitioner relief on all six assignments of error asserted, affirming the judgment of the trial court.  Id. at PageID #: 244.  On December 31, 2015, Petitioner filed a timely notice of appeal in the Ohio Supreme Court.  Id. at PageID #: 245. On March 23, 2016, the Ohio Supreme Court declined to accept jurisdiction over Petitioner's appeal.  Id. at PageID #: 309.

Petitioner, challenging his conviction, filed the instant habeas corpus petition on March 16, 2017, asserting four grounds for relief:

> **Ground One:** Sixth and Fourteenth Amendment.  Petitioner was denied due process of law and a fair trial when the court permitted the prosecution to present evidence of other crimes or wrongs or acts by Petitioner.  In addition the court denied a fair trial when the court permitted evidence that Petitioner had a prior rape conviction when he was on trial for a current rape case.
>
> **Ground Two:** Fourteenth Amendment.  Petitioner was denied due process of law and a fair trial when the court improperly instructed the jury that it could infer, without proof, that force had been proven because of the victim's alleged fear or duress.
>
> **Ground Three:** Fourteenth Amendment.  Petitioner was denied a fair trial and his conviction for possession of drugs was not supported by sufficient evidence in violation of the due process clause of the Fourteenth Amendment.  In addition, the convictions are unsupported by sufficient evidence entered against the manifest weight of the evidence.
>
> **Ground Four:** Sixth Amendment.  Petitioner was denied due process of law and a fair trial by reason of the cumulative effective of numerous errors and omissions committed during the course of trial.

ECF No. 1 at PageID #: 5-10.

2

(1:17-CV-545)

Magistrate Judge Ruiz concluded that Petitioner's claims are either meritless, procedurally defaulted or non-cognizable on habeas review, and, for those reasons, recommended that the petition be dismissed in its entirety. *See* ECF No. 8 at PageID #: 1366. The Court has reviewed the record carefully and agrees with the magistrate judge's conclusion.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the magistrate judge's Report and Recommendation, the District Court standard of review is de novo. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*.

## III. Law & Analysis

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001).

A federal court may review a state prisoner's habeas petition only on the grounds that the

3

(1:17-CV-545)

challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("[A] violation of state law is not cognizable in federal habeas [] unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.").

**A. Petitioner's Objections**

In the Report and Recommendation, the magistrate judge analyzed Petitioner's claims and concluded that all four claims should be dismissed. *See* ECF No. 8. Grounds one and two are procedurally defaulted and lack merit. *Id*. at PageID #: 1350-62. Grounds three and four are non-cognizable on federal habeas review. *Id*. at PageID #: 1362-66.

In Petitioner's Objections to the Report and Recommendation (ECF No. 10), he does not properly object to the magistrate judge's findings regarding the four asserted grounds. Rather, Petitioner lodges objections nearly identical to Petitioner's Traverse (ECF No. 7) which had been carefully evaluated by the magistrate judge in the Report and Recommendation.

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of the Report and Recommendation to which an objection has been properly made. 28 U.S.C. § 636(b)(1). An objection to a Report and Recommendation, however, is "not meant to

4

(1:17-CV-545)

simply be a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Dundee v. Univ. Hosps. Corp*, 2020 WL 511520, at *1 (N.D. Ohio Jan. 31, 2020); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."); *Roberts v. Warden, Toledo Corr. Inst.*, 2010 WL 2794246, at *7 (S.D. Ohio July 14, 2010) ("The Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition."); *Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate[.]").

Petitioner's objections are a mere recitation of his arguments resolved by the Report and Recommendation and present no matters for further review.

### IV. Conclusion

Petitioner's Objections (ECF No. 10) are overruled and the Report and Recommendation (ECF No. 8) of the magistrate judge is adopted. Rashaun M. Ramsey's Petition for a Writ of

5

(1:17-CV-545)

Habeas Corpus (ECF No. 1) is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
|    March 24, 2020    <br> Date |   */s/ Benita Y. Pearson*      <br> Benita Y. Pearson <br> United States District Judge |